**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HAAS AUTOMATION, INC. | No. 11-56991 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-08336-CBM-PLA |
| v. | |
| BRIAN DENNY, an individual; CNCPROS.NET, INC., an Idaho corporation; AUTOMATED SOLUTIONS, INC., an Idaho corporation | MEMORANDUM[*] |
| Defendants - Appellants, | |
| _____ | |
| ASI MACHINE AND SUPPLY, an unknown entity, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted May 9, 2013
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.[**]

Defendants Brian Denny, CNCPros.net, Inc. ("CNCPros"), and Automated Solutions, Inc. ("ASI") appeal the district court's order awarding attorneys' fees to Haas Automation, Inc. ("Haas") and denying them to CNCPros and ASI. The order followed a jury verdict in favor of Haas on claims under the Anticybersquatting and Consumer Protection Act ("ACPA"). We affirm.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (2006). An exceptional case is one "where the acts of infringement can be characterized as 'malicious', 'fraudulent', 'deliberate', or 'willful'." Playboy Enters., Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1276 (9th Cir. 1982) (quoting S. Rep. No. 93-1400, at 2 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7133). We also have held that "[e]xceptional circumstances can be found when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1217 (9th Cir. 2003) ("[W]hile a finding that the losing party has acted in bad faith may provide evidence that the case is exceptional, other exceptional

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

2

circumstances may warrant a fee award.") (internal quotation marks omitted).

Considering all of the circumstances of this case, including the jury's verdict, Watec Co. v. Liu, 403 F.3d 645, 656 (9th Cir. 2005), we agree with the district court that the threshold standard for awarding fees has been met, and further that the district court did not abuse its discretion in awarding attorneys' fees.[1]

Turning to the claim for attorneys' fees raised by ASI and CNCPros, even if ASI and CNCPros were determined to be "prevailing parties" within the meaning of the Lanham Act, Haas' actions would not have made this an exceptional case. Denny concedes that he is the sole owner of ASI and "the president of CNCPros, his closely-held corporation, and was essentially the only person acting on behalf of CNCPros when he registered the domains in CNCPros's name." Because Haas' ACPA claims against ASI and CNCPros were not groundless, unreasonable, vexatious, or brought in bad faith, ASI and CNCPros are not eligible for an award of attorneys' fees.

In its brief, Haas seeks attorneys' fees on appeal, pursuant to Ninth Circuit Rule 39-1. Although Denny's appeal was ultimately unsuccessful, it raised serious questions of law regarding the standards for awarding attorneys' fees in an ACPA

---

[1]  We deny Haas' request for judicial notice because it does not satisfy the requirements of Federal Rule of Evidence 201. Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute . . . .").

case.  See U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1044 (9th Cir. 1986) (highlighting the "difficult issues" raised on appeal in deciding not to award appellate attorneys' fees).  Accordingly, we do not award Haas attorneys' fees on appeal.

**AFFIRMED.**